J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
SCOTT S. HOFFMANN, ESQ.
STATE BAR NO. 8498
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169
(702) 949-8200
(702) 949-8398/fax

*Attorneys for Defendants Mortgage Electronic
Registration Systems, Inc. and BAC Home Loans
Servicing, LP*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARIA VEGA | Case: |
| Plaintiff, | |
| vs. | **PETITION FOR REMOVAL OF CIVIL ACTION** |
| SIERRA PACIFIC MORTGAGE COMPANY, INC., a California corporation; DOUG MOREAU, individually; GREENHEAD INVESTMENTS, a California corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COPMPANY; FIRST AMERICAN NATIONAL DEFAULT; FIRST AMERICAN TITLE; et al., | |
| Defendants. | |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF NEVADA:

          The removing parties, BAC Home Loan Servicing, LP ("BAC") and Mortgage Electronic

Registration Systems, Inc. ("MERS") (collectively "Defendants"), respectfully show:

          1.       BAC and MERS are Defendants in the above-entitled action.

2.      That the above-entitled action was commenced in the Second Judicial District

Court of the State of Nevada in and for the County of Washoe, and is now pending in that Court

under the designated Case No. CV10 01170, Dept. 1.

3.      Process was served upon BAC on May 5, 2010 and on BAC on May 6, 2010. (The

Complaint was filed on April 19, 2010).   Accordingly, this removal is timely filed

4.      This case involves claims by Plaintiff that Defendants improperly originated,

serviced, and transferred her home mortgage loans.

5.      Plaintiff's Complaint is practically identical to the many other complaints counsel

Rick Lawton has filed in Nevada, which alleged that MERS and Defendants conspired to establish

the MERS System and engaged in predatory lending practices by failing to make mandatory

disclosures regarding certain home mortgage loans. Plaintiff seeks the same relief as Mr. Lawton's

other clients--to stop the foreclosure of her property and recovery for various other purported

damages.  Plaintiff's cases of action are the same--(1) "Violation of Unfair Lending Practices,

NRS 598D.100"; (2) "Conspiracy to Commit Fraud and Conversion"; (3) "Permanent Injunction";

(4) "Declaratory Relief"; (5) Wrongful Foreclosure"; (6) "Fraud Through Omission"; (7) "Quiet

Title"; (8) "Contractual breach of the Duty of Good Faith and Fair Dealing"; (10) "Civil

Conspiracy"; (11) "Racketeering"; (12) "Unjust Enrichment"; (13) Conspiracy to Commit Fraud

Related to MERS System"; and (14) "Fraud in the Inducement"---as are the allegations forming

the basis for these causes of action..

6.      In large measure, the series of Complaints filed by Mr. Lawton and others have not

been well received by the court.  Indeed, this Court has already rejected similar allegations and

claims in *Goodwin v. Executive Trustee Servs., LLC*, No. 3:09-CV-306-ECR-PAL, 2010 WL

234786 (D. Nev. Jan. 8, 2010) (Reed, J.); *Lopez v. Executive Trustee Servs., LLC*, No. 3:09-CV-

180-ECR-VPC, slip op. (D. Nev. Jan. 13, 2010) (Reed, J.); *Green v. Countrywide Home Loans,
Inc.*, No. 3:09-cv-00374, slip. op. (D. Nev. Jan. 11, 2010) (Reed, J.); *Hearne v. Countrywide*

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

537049.1

*Home Loans, Inc.*, No. 3:08-CV-0500-ECR-RAM, 2010 WL 1815424 (D. Nev. Apr. 30, 2010)

(Reed, J.).[1] The court tasked with deciding the MERS MDL cases has likewise rejected these

claims. *Cervantes v. Countrywide Home Loans, Inc.*, No. CV 09-517-PHX-JAT, 2009 WL

3157160 (D. Ariz. Sept. 24, 2009), appeal pending, No. 09-17364 and *Ciardi v. Lending Co., Inc.*,

No. CV 10-0275-PHX-JAT, 2010 WL 2079735 (D. Ariz. May 24, 2010).

      7.      This Court has jurisdiction over this action on the grounds of (a) federal question

and (b) diversity of citizenship.

      8.      Defendants are entitled to remove this action to this Court under 28 U.S.C. §1441

on the grounds that this Court has original jurisdiction over the subject matter of this action under

28 U.S.C. §1331. The Court also has diversity jurisdiction under 28 U.S.C. §1332.

## FEDERAL QUESTION JURISDICTION

      9.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

The claims for relief arise under federal law because their foundation relies on violations of

federal statutes.  Plaintiff has accused Defendants of failing to make required disclosures in

connection with the origination of his mortgage loan and with regard to the identity of the current

note holder (*see* Compl. at ¶¶ 34, 41, 64, 74, 75, 94, 101, 102, 111, 131).  The causes of action are

predicated wholly or in part on the basis of these alleged failures to disclose.  Disclosure

requirements in mortgage loan transactions are governed primarily by the federal Truth In Lending

Act ("TILA"). 15 U.S.C. §1601 et. seq.  Similarly, disclosure obligations of a loan servicer in

response to a borrower's request for information are governed by the federal Real Estate

Settlement Procedures Act ("RESPA") 12 U.S.C. §2605.  Interpretation of these and other federal

---

[1] In addition, Judge Jones of the District of Nevada has denied motions for preliminary injunction in two cases involving similar claims, holding in both that plaintiffs showed no likelihood of success on these claims. *Dalton v. CitiMortgage, Inc., et al.*, No. 3:09-CV-534-RCJ, Docket No. 132 (D. Nev. Oct. 9, 2009) (Jones, J.); and *Spracklin v. ReconTrust Co.*, No. 3:10-cv-00267-RCJ-VPC, slip op. at 3-5 (D. Nev. May 24, 2010) (Jones, J.)

laws governing mortgage lending will be necessary to determine whether Defendants committed any disclosure violations.

10.    Federal-question jurisdiction will lie over state-law claims that implicate significant federal issues. *See Grable & Sons Metal Prod. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921).  Federal-question jurisdiction exists if plaintiffs' right to relief necessarily depends on resolution of substantial questions of federal law.  *See Doran v. Purdue Pharma Co.*, 324 F. Supp. 2d 1147, 1150 (D. Nev. 2004).  "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that, nonetheless, turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* (citing *ALI, Study of the Division of Jurisdiction Between State and Federal Courts*, 164-66 (1968)).  Further, the Ninth Circuit Court of Appeals has established that claims brought under state law may "arise under" federal law if vindication of the state right necessarily turns upon construction of a *substantial question* of federal law, i.e., if federal law is a necessary element of one of the well-pled claims. *See Ultramar America, Ltd. v. Dwell*, 900 F.2d 1412, 1414 (9th Cir. 1990) (emphasis added); *see also People of the State of Cal., ex. Rel Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (holding that removal is proper when the claim is predicated on alleged violations of federal law); *Sparta Surgical Corp v. National Ass'n of Sec. Dealers Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998) (holding that Plaintiff's causes of action poised as state law claims necessarily required the application and determination of federal law.)

11.    Even more on point is *Doran v. Purdue Pharma Co.*, 324 F. Supp. 2d 1147, 1156 (D. Nev. 2004).  In *Doran*, the Court found that Plaintiff raised substantial questions of federal law despite the fact that Plaintiff raised only state law claims for violation of Nevada's Unfair Trade Practices Act and common law monopolization. *Doran*, 324 F. Supp. 2d at 1147.  The Court held that, in order to determine whether Defendant committed unfair trade practices by obtaining

patents through "unlawful efforts," as alleged in the complaint, the Court was required to resolve substantial questions of federal patent law, including what information the defendant had a duty to disclose under federal patent law. *Id.* at 1151. Following the decisions of *Doran* and its progeny, as recently as September, Judge George held that State law claims that necessarily rely upon the determination of Federal law are sufficient grounds to give rise to removal. (*See Pajarillo v. Countrywide Home Loans,* 2:09-cv-00078-LDG-GWF, Order from Judge Lloyd D. George [D.Nev. September 24, 2009]).

12.     It is clear under *Doran*, a claim may raise a substantial question of federal law even though the pleading fails to identify any federal law, regulation or statute. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 925 (1998) (the failure to identify the federal law can be "re-characterized" by a federal court as a federal claim). Therefore, removal is proper where the applicable claims raise substantial issues of federal law, even though on the face of the pleading, no federal statute or law is identified. *See Id.* Here, Plaintiff's claims necessarily rely on the determination of federal disclosure laws including TILA and RESPA. Thus, removal on the basis of federal question is proper.

13.     Thus, Plaintiff's claims arise under federal law and Defendants are entitled to remove this action to this Court under 28 U.S.C. §1441, on the grounds that this Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §1331.

### DIVERSITY JURISDICTION

14.     Under 28 U.S.C. §1332, removal is also appropriate if the parties are completely diverse in citizenship, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. These requirements are met in this case.

15.     Diversity jurisdiction under 28 U.S.C. §1332 exists in this case (once the fraudulently joined parties have been excluded) because this action is between citizens of different states and/or countries, and the amount in controversy exceeds $75,000.00.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

537049.1

16.     Plaintiff is seeking to void the loans concerning the subject property in the amount of $315,000. (See Complaint, ¶¶26-27.)  Thus, the amount in controversy exceeds $75,000.00.

17.     All parties who are properly in this case and have not been fraudulently joined are of completely diverse citizenship. Plaintiff appears to be a citizen of Nevada but does not so state in the Complaint. None of the properly named Defendants are citizens of Nevada. Sierra Pacific Mortgage Company, Inc. is a California corporation. (See Complaint, ¶26.) Greenhead Investments is a California corporation. (See Complaint, ¶27.) MERS is a Delaware corporation with its primary place of business in Virginia. (See Complaint, ¶30.) BAC is a New York corporation. First American National Default is a foreign corporation (Complaint ¶ 16).

18.     "First American Title" appears to be a fictitious name and, as such under 28 U.S. C § 1441(a), for purposes of determining diversity of citizenship, its citizenship should be disregarded. Nonetheless, to the extent Plaintiff refers to First American Title Company of Nevada, a former Nevada corporation, First American Title Company of Nevada dissolved in December of 2006, when it merged with first American Title Company. First American Title Company is, and was at the time this action commenced, a California corporation with its principal place of business also in the State of California. (Complaint, ¶29.)

19.     The Complaint fraudulently also joins as a named defendant, one individual, Doug Moreau, who is alleged to be an agent for lender Sierra Pacific Mortgage Company, Inc, a California Corporation (Compl. ¶26).  This individual's citizenship is not considered in determining diversity of citizenship, nor is his consent to removal required, because no colorable claim for relief is made against him. *Silon v. American Home Assurance Company,* 2009 WL 1090700, *4 (D.Nev. 2009) (citing *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1315, 1318 (9th Cir. 1998)). *See also, McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). The Complaint does not identify any specific, independent acts of Mr. Moreau in any of the causes of action, all of which are directed to the corporate defendants. He is merely lumped together with the other named corporate defendants in a couple of tag-along style paragraphs.

20.     Supplemental jurisdiction of any state law claims is proper under 28 U.S.C. §§1367(a).

21.     Thirty days has not elapsed from the time Defendants were served with the Summons and Complaint in this action and the time it originally removed this action to Federal Court.  The removing Defendants have not yet responded to the Complaint.

22.     It is not necessary for the un-served defendants to join the Notice.  E.g., *Schwartz v. FHP Intern. Corp.*, 947 F. Supp. 1354 (D. Ariz. 1996) ("Those named as defendants but not yet served in the state court action need not join the notice of removal.").  Defendant Bank of America contacted the clerk of the court and was told that no proof of service had been filed in relation to any of the other defendants. Bank of America thereby used reasonable diligence to determine that the other defendants have not been served.  See *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1089 (C.D. Cal. 2007) (party exercises reasonable diligence in investigating whether other defendants served for purposes of joining removal by checking state court docket

23.     Copies of all process, pleadings and other orders served upon Defendants are attached hereto.

24.     A true and correct copy of this Petition for Removal will be provided to Plaintiff and filed with the Clerk of the Second Judicial District Court of the State of Nevada, Department 1.

WHEREFORE, Defendants pray that this action be removed.

DATED this 4 day of June, 2010.

LEWIS AND ROCA LLP

By _____
J. CHRISTOPHER JORGENSEN, ESQ.
SCOTT S. HOFFMANN, ESQ.
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169
Attorneys for Defendants Mortgage
Electronic Registration Systems, Inc. and
BAC Home Loans Servicing, LP

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | |
| 3 | The undersigned certifies that a copy of the foregoing document was served on counsel, listed below, on the _4_ day of June 2010, through the court's electronic service system: |
| 4 | |
| 5 | Rick Lawton, Esq. |
| | 5435 Reno Hwy. Box 1740 |
| 6 | Fallon, NV  89406 |
| | Attorney for Plaintiff |
| 7 | |
| 8 | an employee of Lewis and Roca LLP |

CT

1
2    Code No. _____
     Rick Lawton, Esq.                    **ORIGINAL**
3    State Bar # 00694
     Law Office Rick Lawton Esq. P.C.
4    5435 Reno Hwy, Fallon, Nevada 89406
     (775) 867-5599
5    (775) 867-2559 –fax
     Attorney for Plaintiff
6
7         IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
8                      IN AND FOR THE COUNTY OF WASHOE
9    MARIA VEGA,
10                     *Plaintiff,*
11   vs.                                    CASE NO:  CV10 01170
12   SIERRA PACIFIC MORTGAGE COMPANY,
     INC. a California Corporation; DOUG
13   MOREAU, individually; GREENHEAD       DEPT NO: _____  1
     INVESTMENTS, a California Corporation;
14   MORTGAGE ELECTRONIC REGISTRATION
     SYSTEMS, INC., a Delaware Corporation;
15   BAC HOME LOANS SERVICING, LP fka
     COUNTRYWIDE HOME LOANS;
16   RECONTRUST COMPANY; FIRST
     AMERICAN NATIONAL DEFAULT; FIRST
17   AMERICAN TITLE; and DOES 1-25
     CORPORATIONS, DOES and ROES 1-25
18   Individuals, Partnerships, or anyone claiming
     any interest to the property described in the
19   action.
20                     *Defendants.*
21                    S U M M O N S
22   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
23                    a Delaware Corporation
24        You are hereby **SUMMONED** and required to serve upon Plaintiff's
25   attorneys, LAW OFFICE OF RICK LAWTON, P.C., whose address is 5435 Reno
26   Hwy, P.O. Box 1740, Fallon, Nevada 89407, an **ANSWER** to the Complaint which

Rick Lawton  Law Office

5435 Reno Hwy,
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

1

is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by Default will be taken against you for the relief demanded in the Complaint.

Among other things, the Complaint which is herewith served upon you, seeks to Quiet Title to the real property described as follows:

*The Subject property being described as:*

*1497 ORCA WAY, RENO, NEVADA 89506*

*The land referred to herein is situated in the State of Nevada, County of Washoe,*

Lot 21 of NORTHERN LIGHTS SUBDIVISION- UNIT 6, according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on June 8, 2004, as File No. 3050030, Tract Map No. 4351, Official Records.

*APN: 502-353-01*

DATED:  This ___19___ day of April, 2010

HOWARD W. CONYERS

CLERK OF THE COURT

By: _____
   Deputy
   [SEAL]

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**RETURN OF SERVICE**

STATE OF NEVADA          )
                         :    ss
COUNTY OF _____)

     I HEREBY CERTIFY, and return that I, the undersigned, received the pleadings

described below on the _____ day of _____,200__, and personally served the

same upon _____, in the County of

_____, State of Nevada, on the ____ day of

_____, 200__ at the hour of _____, ___ m.

The pleadings served are described below as follows:

COMPLAINT AND REQUEST FOR EQUITABLE RELIEF.

NOTICE BY PLAINTIFF OF PENDENCY OF ACTION

SUMMONS

DATED:  This ____ day of _____, 2010.

SUBSCRIBED and SWORN to before me     _____
A Notary Public, on this _____
day of _____,200___.         _____
                                        [print name]
_____

Rick Lawtor  Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

3

AJH
10:35 am
5/5/10

1    Code No. _____
2    Rick Lawton, Esq.          **ORIGINAL**
     State Bar # 00694
3    Law Office Rick Lawton Esq. P.C.
     5435 Reno Hwy, Fallon, Nevada 89406
4    (775) 867-5599
5    (775) 867-2559 –fax
     Attorney for Plaintiff
6
7              IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

8                          IN AND FOR THE COUNTY OF WASHOE

9    MARIA VEGA,

10              Plaintiff,

11   vs.                                    CASE NO: CV10  01170

12   SIERRA PACIFIC MORTGAGE COMPANY,
     INC. a California Corporation; DOUG    DEPT NO: ____ I
13   MOREAU, individually; GREENHEAD
     INVESTMENTS, a California Corporation;
14   MORTGAGE ELECTRONIC REGISTRATION
     SYSTEMS, INC., a Delaware Corporation;
15   BAC HOME LOANS SERVICING, LP fka
     COUNTRYWIDE HOME LOANS;
16   RECONTRUST COMPANY; FIRST
     AMERICAN NATIONAL DEFAULT; FIRST
17   AMERICAN TITLE; and DOES 1-25
     CORPORATIONS, DOES and ROES 1-25
18   Individuals, Partnerships, or anyone claiming
     any interest to the property described in the
     action.
19
20              Defendants.

21                              S U M M O N S

22   BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS

23        You are hereby **SUMMONED** and required to serve upon Plaintiff's

24   attorneys, LAW OFFICE OF RICK LAWTON, P.C., whose address is 5435 Reno

25   Hwy, P.O. Box 1740, Fallon, Nevada  89407, an **ANSWER** to the Complaint which

26   is herewith served upon you, within twenty (20) days after service of this Summons

1

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

upon you, exclusive of the day of service.  If you fail to do so, Judgment by Default will be taken against you for the relief demanded in the Complaint.

Among other things, the Complaint which is herewith served upon you, seeks to Quiet Title to the real property described as follows:

*The Subject property being described as:*

*1497 ORCA WAY, RENO, NEVADA 89506*

*The land referred to herein is situated in the State of Nevada, County of Washoe,*

Lot 21 of NORTHERN LIGHTS SUBDIVISION- UNIT 6, according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on June 8, 2004, as File No. 3050030, Tract Map No. 4351, Official Records.

*APN: 502-353-01*

DATED:  This ___19___ day of April, 2010

HOWARD W. CONYERS

CLERK OF THE COURT

By: _____

Deputy

(SEAL)

Rick Lawton  Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

2

1
2

# RETURN OF SERVICE

3        STATE OF NEVADA        )

4        COUNTY OF _____)        :   ss

5        —I HEREBY CERTIFY, and return that I, the undersigned, received the pleadings

6        described below on the _____ day of _____,200__, and personally served the

7        same upon _____, in the County of

8
9        _____, State of Nevada, on the ____ day of

10        _____, 200__ at the hour of _____, ___ m.

11        The pleadings served are described below as follows:

12        COMPLAINT AND REQUEST FOR EQUITABLE RELIEF.

13        NOTICE BY PLAINTIFF OF PENDENCY OF ACTION

14        SUMMONS

15
16
17
18        DATED:  This ____ day of _____, 2010.

19
20        SUBSCRIBED and SWORN to before me    _____

21        A Notary Public, on this _____
         day of _____,200__.

22                                            _____
                                             [print name]
23        _____

24
25
26

Rick Lawtor    Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

3

COPY - has not been compared
with the Original Document - WCR

**FILE COPY**

FILED
2010 APR 19  AM 9:20
HOWARD W. CONYERS
BY_____
DEPUTY

1  Code No. ____
2  Rick Lawton, Esq.
   State Bar # 00694
3  Law Office Rick Lawton Esq. P.C.
   5435 Reno Hwy, Fallon, Nevada 89406
4  (775) 867-5599
   (775) 867-2559 –fax
5  Attorney for Plaintiff

6          IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

7                     IN AND FOR THE COUNTY OF WASHOE

8

9  MARIA VEGA,

10          *Plaintiff*,

   vs.
11
   SIERRA PACIFIC MORTGAGE COMPANY,
12  INC. a California Corporation; DOUG
   MOREAU, individually; GREENHEAD
13  INVESTMENTS, a California Corporation;
   MORTGAGE ELECTRONIC REGISTRATION
14  SYSTEMS, INC., a Delaware Corporation;
   BAC HOME LOANS SERVICING, LP fka
15  COUNTRYWIDE HOME LOANS;
   RECONTRUST COMPANY; FIRST
16  AMERICAN NATIONAL DEFAULT; FIRST
   AMERICAN TITLE; and DOES 1-25
17  CORPORATIONS, DOES and ROES 1-25
   Individuals, Partnerships, or anyone claiming
18  any interest to the property described in the
   action.
19
           *Defendants.*
20

CASE NO: CV10 01170

DEPT NO: ____1____

\# 3872129
04/19/2010 09:42:37 AM
Requested By
RICK LAWTON
Washoe County Recorder
Kathryn L. Burke - Recorder
Fee: $18.00 RPTT: $0.00
Page 1 of 5

**CONFORMED COPY**

21              **NOTICE BY PLAINTIFF**

22            **OF PENDENCY OF ACTION**

23

24         NOTICE IS HEREBY GIVEN that an action has been commenced

25  **TO QUIET TITLE** in the above-entitled Court by the above-named Plaintiff against the

26  above-named Defendants to Quiet the Title for the premises and real estate in the

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

Complaint in said action, and hereinafter described, and to determine all and every claim, estate or interest therein of said Defendants, adverse to said Plaintiffs, and the premises affected by this suit are situated in the County of Washoe, State of Nevada, and are more particularly described as follows:

The action pertains to the following described property:

*The Subject property being described as:*

*1497 ORCA WAY, RENO, NEVADA 89506*

*The land referred to herein is situated in the State of Nevada, County of Washoe,*

Lot 21 of NORTHERN LIGHTS SUBDIVISION- UNIT 6, according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on June 8, 2004, as File No. 3050030, Tract Map No. 4351, Official Records.

*APN: 502-353-01*

DATED: This ___ day of April, 2010

RICK LAWTON, ESQUIRE
Attorney at Law
5435 Reno Hwy.
Fallon, Nevada 89406

By: _____
RICK LAWTON, Esquire

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph.: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

2

1   Code No. 1425
2   Rick Lawton, Esq.
    State Bar # 00694
3   Law Office Rick Lawton Esq. P.C.
4   5435 Reno Hwy, Fallon, Nevada 89406
    (775) 867-5599
5   (775) 867-2559 –fax
    Attorney for Plaintiff
6

**FILE COPY**

FILED

2010 APR 19  AM 9: 20

HOWARD W. CONYERS

BY___D. Jeramie___
            DEPUTY

7   IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

8   IN AND FOR THE COUNTY OF WASHOE

9   MARIA VEGA,

10                   Plaintiff,

11   vs.

12   SIERRA PACIFIC MORTGAGE COMPANY,
     INC. a California Corporation; DOUG
13   MOREAU, individually; GREENHEAD
     INVESTMENTS, a California Corporation;
14   MORTGAGE ELECTRONIC REGISTRATION
     SYSTEMS, INC., a Delaware Corporation;
15   BAC HOME LOANS SERVICING,LP fka
     COUNTRYWIDE HOME LOANS;
16   RECONTRUST COMPANY; FIRST
     AMERICAN NATIONAL DEFAULT; FIRST
17   AMERICAN TITLE; and DOES 1-25
     CORPORATIONS, DOES and ROES 1-25
18   Individuals, Partnerships, or anyone claiming
     any interest to the property described in the
19   action.

20                   Defendants.

CASE NO: CV10  01170

DEPT NO: _____(_____

21

22   **COMPLAINT QUIET TITLE OTHER EQUITABLE REMEDIES**

23

24       COMES NOW Plaintiffs, by and through his attorney, RICK LAWTON,

25   Esquire of the Law Office of Rick Lawton Esquire, Prof. Corp., a Nevada

26   Professional Corporation, and hereby allege the following causes of action against

     Defendants as follows:

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

1

## I.
## GENERAL ALLEGATIONS

### As to ALL DEFENDANTS

1.     Plaintiff will establish that they are the victim of a predatory lending scheme perpetuated by the Defendants, and because of Defendant's conduct, Plaintiff will show that he has suffered some actual or threatened injury as a result of the Defendant's conduct, that the injury can be traced to the challenged action, and that it is likely to be redressed by a favorable decision.[1]

2.     It is a combination of intentional acts or a reckless disregard to the consequences of the co-conspirators for using "form documents" (boilerplate) including but not limited to (1) The Note including a waiver by borrowers right to "Presentment and Notice of Dishonor" which precludes not only the borrower, but anyone from finding the true holder of the Note. (2) Utilization of a "form" (boilerplate) Deed of Trust creating a "straw-man" as a "nominee" claiming in the document to be also named beneficiary, but in reality is a separate company commonly known as MERS, who represents to its members that it is not a beneficiary. (3) Defendant Lenders utilizing techniques that allow unqualified borrowers to be qualified buyers. In essence, lenders represent that the borrower need only look towards paying the low initial payment, yet fails to review the contingencies of the home should it not increase in value. The lenders assure the borrower that they will be able to refinance. This coupled with the fact that Lenders

---

[1] Valley Forge Christian Coll. v. Am, United for Separation of Church and State, 454 U.S. 464, 472 (1982)

2

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

do not require any documentation as to income, (i.e. no doc loans; nor is there any down payment required in some instances as criticized by the Nevada Legislature) [2]

3.   Plaintiff has embarked upon a unique challenge to all participants in the lending and related services. Plaintiff initially points out:

"...The Court should consider what has recently emerged as a cause of action to Defendants now called "PREDATORY LENDERS".
The best definition that I have found is as follows:
Predatory lending as a syndrome of abusive loan terms or practices that involve one or more of the following five problems:

(1) loans structured to result in seriously disproportionate net harm to borrowers,
(2) harmful rent seeking,
(3) loans involving fraud or deceptive practices,
(4) other forms of lack of transparency in loans that are not actionable as fraud, and
(5) loans that require borrowers to waive meaningful legal redress.

Most, if not all, predatory loans combine two or more of these problems. Similarly, some abusive terms or practices fall into more than one category. Rather than serving as a proposed statutory definition, this definition of predatory loans is intended as a diagnostic tool for identifying problematic loan practices that require redress...."

4.   Most, if not all, predatory loans combine two or more of these problems. Similarly, some abusive terms or practices fall into more than one category. Rather than serving as a proposed statutory definition, this definition of predatory loans is

---

[2] As of 2007 the Nevada Legislature has amended NRS 598D.100 (1), which clearly demonstrates that this conduct will no longer be tolerated, as indicated by the amended statute: It is unfair lending practice for a lender to: (b) Knowingly or intentionally make a home loan, other than a reverse mortgage, to a borrower, including, without limitation, a low-document home loan, no document home loan or stated-document home loan, without determining, using any commercially reasonable mean or mechanism, that the borrower has the ability to repay the home loan.[ 2. (b): Low-document home loan" means a home loan: (1) Whose terms allow a borrower to establish his ability to repay the home loan by providing only limited verification of his income and other assets; or (2) Which is evidenced only by a deed transferring some or all of the interest of the borrower in the home property to the creditor, (c) "no-document home loan" means a home loan whose terms allow a borrower to establish his ability to repay the home loan without providing any verification of his income and other assets.] 2007 version.

3435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

1   intended as a diagnostic tool for identifying problematic loan practices that require

2   redress.

3

4   5.      In the overwhelming percentage of cases, predatory loans are a subset of

5   sub-prime loans, which are loans with higher interest rates that are designed for

6   borrowers with impaired credit or who do not otherwise qualify for loans in the

7   conventional prime market. Defendant SIERRA PACIFIC MORTGAGE COMPANY

8   INC and DOUG MOREAU, individually provided the classic lure by giving Plaintiff's

9   a loan wherein the payment to income ratio exceeds 40% [income $5,358 payment

10  $2160.00]; promising a refinance if the payments became difficult based upon the

11  anticipated increase in equity in the home.

12

13  6.      In a proper foreclosure both the Note and the Deed of Trust must be

14  assigned. As noted above, a mortgage loan consists of a Promissory Note and a

15  security instrument, typically a mortgage or a Deed of Trust. When the Note is split

16  from the Deed of Trust, "the Note becomes, as a practical matter, unsecured." [See:

17  **Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997)]**.  See also[3]  A

18  person holding only a Note lacks the power to foreclose because it lacks the

19  security, and a person holding only a Deed Of Trust suffers no default because only

20  the holder of the Note is entitled to payment on it. [See **Restatement (Third) of**

21  **Property (Mortgages) § 5.4 cmt. e (1997)]** . "**Where the mortgagee has**

22

23

24

25  [3] Missouri Court of Appeals, Robert BELLISTRI v. OCWEN LOAN SERVICING : 284 S.W.3d
26  619(2009)states in part that "....Typically the same person holds both the Note and the Deed of Trust.  In the
    event they are split, the Note as a practical matter becomes unsecured." And further  goes on to state that " The
    practical effect of splitting the Deed of Trust from the Promissory Note is to make it impossible for the holder
    of the Note to foreclose......."

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

**'transferred' [4] only the mortgage, the transaction is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper." [5]** ...'

7.      In 1872 the principle was established and is still in effect today as noted in Carpenter v. Longan 83 U S 271 1872 WL 15414 U.S.Colo 21 L Ed 313 16 Wall. 271 indicating:

> "...The note and mortgage are inseparable; the former as essential, the latter as an incident. **An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a <u>nullity</u>.**[see: Jackson v. Blodget, 5 Cowan, 205; Jackson v. Willard, 4 Johnson, 43.]...
> ... The mortgage can have no separate existence. When the note is paid the mortgage expires. It cannot survive for a moment the debt which the note represents...."

8.      Just like the mortgage loan at issue in this matter, a host of dubiously underwritten mortgage loans helped inflate a bubble in residential real estate values.[6]

9.      One particular company has been a party in more sub-prime mortgage loans than any other is Mortgage Electronic Registration Systems, Inc., commonly known as "MERS." MERS is a corporation registered in Delaware and headquartered in the

---

[4] under N.R.S. § 104.9012, Nevada's Article 9, an "instrument" is defined as a negotiable instrument, "or any other writing that evidences a right to the payment of a monetary obligation ... and is of a type that in the ordinary course of business is transferred by delivery with any necessary endorsement or assignment." "Instruments" are thus defined somewhat broadly according to ordinary business practices.

[5] 4 Richard R. Powell, Powell on Real Property, § 37.27[2] (2000).

[6] See Kareem Fahim & Janet Roberts, *Foreclosures, With No End in Sight*, N.Y. TIMES, May 17, 2009, at NJ 1. As it has become clear that millions of Americans are not capable of repaying loans crafted for them by commission hungry brokers, the liquidity of securities drawn from those loans were then frozen. See Joshua Boak, *IMF Puts Subprime Loss Near $1 Trillion: Economic Damage Equals $143 for Every Person on the Planet*, CHI. TRIB., April 9, 2008, C1.

Virginia suburbs of Washington, D.C.[7]

10.     The Courts are now stepping to the plate and addressing the abuses of the conduct of the named Defendants herein, and others. As noted in United States Bankruptcy Court, D. Nevada, In re Lonnie & Lisa HAWKINS, Debtor(s). No. BK-S-07-13593-LBR. March 31, 2009[8]:

> "...Under Nevada law a negotiable promissory note is enforceable by: (1) the holder of the note, or (2) a non-holder in possession of the note who has the rights of a holder. Thus if MERS is not the holder of the note, then to enforce it MERS must be a transferee in possession who is entitled to the rights of a holder or have authority under state law to act for the holder. Simply being a beneficiary or having an assignment of a deed of trust is not enough to be entitled to foreclose on a deed of trust. For there to be a valid assignment for purposes of foreclosure both the note and the deed of trust must be assigned. A mortgage loan consists of a promissory note and a security instrument, typically a mortgage or a deed of trust. When the note is split from the deed of trust, "the note becomes, as a practical matter, unsecured." Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997). A person holding only a note lacks the power to foreclose because it lacks the security, and a person holding only a deed of trust suffers no default because only the holder of the note is entitled to payment on it. See Restatement (Third) of Property (Mortgages) § 5.4 cmt. e (1997). "Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper." 4 Richard R. Powell, Powell on Real Property, § 37.27[2] (2000)...."[9]

11.     In <u>Landmark Nat'l Bank vs Kesler</u>, 216 P.3d 158, 167 (Kan. 2009), the

---

[7] <u>See</u> Carson Mullen, *MERS: Tracking Loans Electronically,* MORTGAGE BANKING, May 31, 2000, 62

[8] Affirmed on appeal

[9] Nevada recognizes that parties may secure the performance of an obligation or the payment of a debt by means of a deed of trust. N.R.S. § 107.020. The maker of the note is the trustor and the payee is the beneficiary.  Given this, it is troubling that MERS apparently believes that in states such as Nevada possession of the note is not required if no deficiency is sought. Hultman says this in his declaration: Despite MERS' contention that the mere status as a beneficiary or nominee of a beneficiary is sufficient, MERS has tried to withdraw most of its motions because it could not ascertain that its Member had possession of the note when the motion was filed.

6

Supreme Court of Kansas held:

> "..."The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note. [Citation *omitted.] Without the agency relationship, the person holding only the note lacks the* power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. [Citation omitted.] The mortgage loan becomes ineffectual when the note holder did not also hold the deed of trust." Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 623 (Mo. App. 2009).

The Bellistri Court found:

> "... that, because MERS was not the original holder of the Promissory Note and because the record contained no evidence that the original holder of the Note authorized MERS to transfer the Note, the language of the assignment purporting to transfer the Promissory Note was ineffective. "MERS never held the Promissory Note, thus its assignment of the Deed of Trust to Ocwen separate from the Note had no force." Bellistri, 284 S.W.3d at 624; see also In re Wilhelm, 407 B.R. 392 (Bankr. D. Idaho 2009) (standard mortgage Note language does not expressly or implicitly authorize MERS to transfer the Note); In re Vargas, 396 B.R. 511, 517 (Bankr. C.D. Cal. 2008) ("[I]f FHM has transferred the note, MERS is no longer an authorized agent of the holder unless it has a separate agency contract with the new undisclosed principal. MERS presents no evidence as to who owns the Note, or of any authorization to act on behalf of the present owner."); Saxon Mortgage Services, Inc. v. Hillery, 2008 WL 5170180 (N.D. Cal. 2008) (unpublished opinion) ("[F]or there to be a valid assignment, there must be more than just assignment of the Deed alone; the Note must also be assigned. . . . MERS purportedly assigned both the Deed of Trust and the Promissory Note. . . . However, there is no evidence of record that establishes that MERS either held the Promissory Note or was given the authority . . . to assign the Note.")...."

12.    When the Borrower cannot pay the payments agreed in the "Note," the

beneficiary would require the named trustee to notice the obligor of the default and

intent to sell under Nevada Law. However, present in the case at bar Plaintiff's

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

challenge, and similar to challenges in other cases, argue that MERS does not have

standing merely because it is a self-appointed beneficiary under the Deed of Trust.

It is not a beneficiary and, in any event, the mere fact that an entity is a named

beneficiary of a Deed of Trust is insufficient to enforce the obligation. As noted in

the causes of action noted herein, the Deed of Trust attempts to name MERS as

both a beneficiary and a nominee. The document first says: MERS is a separate

corporation that is acting solely as a nominee for Lender and Lender's successors

and assigns. MERS is the beneficiary under this Security Instrument. And later it

says: The beneficiary of this Security Instrument is MERS (solely as nominee for

Lender and Lenders successors and assigns) and the successors and assigns of

MERS. Yet, as noted above: "MERS Terms and Conditions: MERS shall serve as

mortgagee of record with respect to all such mortgage loans solely as a nominee, in

an administrative capacity, for the beneficial owner or owners thereof from time to

time. MERS shall have no rights whatsoever to any payments made on account of

such mortgage loans, to any servicing rights related to such mortgage loans, or to

any mortgaged properties securing such mortgage loans. MERS agrees not to

assert any rights (other than rights specified in the Governing Documents) with

respect to such mortgage loans or mortgaged properties. References herein to

'mortgage(s)' and 'mortgagee of record' shall include deed(s) of trust and

beneficiary under a Deed of Trust and any other form of security instrument under

applicable State law."

13.    The fraud supported by the facts alleged herein is established by the fact that

there is no showing that MERS has authority to foreclose on the subject property.

8

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

MERS must establish there has been a sufficient transfer of <u>both the Note and Deed of Trust,</u> or that MERS has authority under State law to act for the Note's holder.[10] MERS cannot do either.

14. The non-judicial foreclosure law in Nevada under Chapter 107 sets forth the specific standards regarding who can commence and advance a non-judicial foreclosure. Additionally, the standard is set regarding substitution of Trustees. NRS 107.030 create covenants that may be utilized. This permissive language, however allows other covenants to be used by the parties, but creates the base line for establishing notice to the borrower. Defendants are bound by the minimum requirements namely:

> "..Covenant No. 9. That the beneficiary or his assigns may, from time to time, appoint another trustee, or trustees, to execute the trust created by the deed of trust or other conveyance in trust. A copy of a **resolution of the board of directors of beneficiary (if beneficiary be a corporation), certified by the secretary** thereof, under its corporate seal, or an instrument executed and acknowledged by the beneficiary (if the beneficiary be a natural person), shall be **conclusive proof of the proper appointment** of such substituted trustee. **Upon the recording of such certified copy or executed and acknowledged instrument, the new trustee or trustees shall be vested with all the title, interest, powers, duties and trusts in the premises vested in or conferred upon the original trustee**. If there be more than one trustee, either may act alone and execute the trusts upon the request of the beneficiary, and all his acts thereunder shall be deemed to be the acts of all trustees, and the recital in any conveyance executed by such sole trustee of such request shall be conclusive evidence thereof, and of the authority of such sole trustee to act...."

15. Plaintiff has located no such recording, and thus has challenged not only the validity of the Deed of Trust upon which SIERRA PACIFIC MORTGAGE COMPANY

---

[10] <u>See</u> Restatement (Third) of Property (Mortgages)) § 5.4 cmt. c (1997). See also, In Re Vargas, 396 B.R. 511, 516-17 (Bankr.C.D.Calif.2008)] see also NRS 247.200 "A document affecting real property must be recorded in the office of the county recorder of the county in which the real property is situated."

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

INC is named as lender; GREENHEAD INVESTMENTS, a California Corporation is named as Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation is designated the beneficiary, nominee that is not a beneficiary.

16.     Therefore any foreclosures to be initiated by Defendants RECONTRUST COMPANY, a foreign corporation, FIRST AMERICAN TITLE and FIRST AMERICAN NATIONAL DEFAULT, a foreign corporation or against the Plaintiff by parties with no standing to commence any foreclosure proceeding and who were not involved in the loan transactions and which parties were and are unknown to the Plaintiff and, moreover, did not fund the Plaintiff's loan; or acquired ownership of the Note cannot establish the right to Plaintiffs property or monies.[11] RECONTRUST COMPANY, claiming to be agent for Defendant SIERRA PACIFIC MORTGAGE COMPANY INC and defendant without establishing of record of any such designation or any such assignment or designation required by the minimum standards set forth in covenant Number 9. Defendant FIRST AMERICAN NATIONAL DEFAULT, requested the recording of "notice of trustee's sale," without making any inquiry as to whether the parties executing the same complied with the recording statute substituting trustees (noted above), or any other authority to act.

---

[11] In *Adams v. Madison Realty & Dev., Inc.*, 853 F.2d 163 (3d Cir. 1988), the plaintiffs executed promissory notes which, after a series of transfers, came into the defendant's possession. At issue was whether the defendant was the rightful owner of the notes. The court held that the defendant was not entitled to holder in due course status because the endorsements failed to meet the UCC's fixation requirement. *Id.* at 168-69. The court relied on UCC section 3-202(2) [A.R.S. § 47-3204]: "An endorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof." *Id.* at 165. Since the endorsement page, indicating that the defendant was the holder of the note, was not attached to the note, the court found that the note had not been properly negotiated. *Id.* at 166-67. Thus, ownership of the note never transferred to the defendant.

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph: 775-867-5599

Defendant FIRST AMERICAN NATIONAL DEFAULT caused to be recorded a "notice of default and election to sell" also without making any inquiry as to whether the parties executing the same complied with the recording statute substituting trustees (noted above), or any other authority to act.

17.     Defendants lured the Plaintiffs and other similarly situated borrowers of being able to guarantee them, "the American dream of owning their own home." The initial lender and subsequent assignees acquiesced in establishing the borrower's qualifications to obtain the initial and subsequent loans based upon non-traditional lending standards.  Defendants utilized "stated" or "non-document income" methods which do not examine borrowers' actual income in order to qualify borrower. Lenders assured borrowers to get two loans, but when the second became due Plaintiff would be able to refinance.

18.     The lenders and investors in mortgage-backed securities, including some of the Defendants, have sought and received bail out money from the United States Government.[12]

19.     The lenders and investors in mortgage backed securities, including some of the Defendants, have used those funds to repay investors who funded the loans of the Plaintiffs, thus having no liability for the Notes and no right to collect on the Notes and no right to initiate foreclosures on the Plaintiff's home.

20.     In this case, MERS is named in the DOT as a beneficiary, solely as the "nominee" of Lender and Lender's successors and assigns, holding only "legal title" to the interests granted to SIERRA PACIFIC MORTGAGE COMPANY INC under

---

[12] Troubled Asset Relief Program [TARP]; Term asset-backed Securities Loan Facility [TALF],

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559.

the DOT. A number of cases have held that such language confers no economic benefit on MERS. *See, e.g., In re Sheridan,* 2009 WL 631355, *4 (Bankr. D. Idaho 2009); *In re Mitchell,* 2009 WL 1044368, *3-4 (Bankr. D. Nev. 2009); *In re Jacobson,* 402 B.R. 359, 367 (Bankr. W.D. Wash. 2009). As noted by the *Sheridan* court, MERS "collect[s] no money from [d]ebtors under the [n]ote, nor will it realize the value of the [p]roperty through foreclosure of the [d]eed of [t]rust in the event the [n]ote is not paid." 2009 WL 631355 at *4.

21.     Defendant BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS appears to claim the "servicer" status, but their acts are limited and they have acted in capacities not authorized.

22.     Securitization of residential mortgages is "the process of aggregating a large number of notes secured by deeds of trust in what is called a mortgage pool, and then selling security interests in that pool of mortgages." Kurt Eggert, *Held Up In Due Course: Predatory Lending, Securitization, and the Holder in Due Course Doctrine,* 35 CREIGHTON L. REV. 503, 536 (2002). The process begins with a borrower negotiating with a mortgage broker for the terms of the loan. Then, the mortgage broker either originates the loan in its own name or in the name of another entity, which presumably provides the money for the loan. Almost immediately, the broker transfers the loan to the funding entity. "This lender quickly sells the loan to a different financial entity, which pools the loan together with a host of other loans in a mortgage pool." *Id.* at 538. The assignee then transfers the mortgages in the pool to another entity, which in turn transfers the loans to a special purpose vehicle ("SPV",) whose sole role is to hold the pool of mortgages. *Id.* at

539. "The transfer to the special purpose trust must constitute a true sale, so that the party transferring the assets reduces its potential liability on the loans and exchanges the fairly illiquid loans for much more liquid cash." *Id.* at 542. Next, the SPV issues securities which the assignee sells to investors. *Id.* at 539. Once the securities have been sold, the SPV is not actively involved. It "does not directly collect payments from the homeowners whose notes and deeds of trust are held by the SPV." *Id.* at 544. Rather, servicers collect the principal and interest payments on behalf of the SPV. *Id.* Fees are associated with the servicing of loans in the pool. [13] It is Plaintiff's position that once the Note is sold or assigned, and there was a failure to also assign the Deed of Trust (attempting to make MERS a perpetual beneficiary, when they are not) this action destroys the Deed of Trust, and the ability to process a non-judicial foreclosure.

## II.

## STATEMENT OF THE CASE

23.     This case arises because the Plaintiff is a victim of unlawful predatory lending practices and is victim of wrongful foreclosure practices. Any foreclosure or threat of foreclosure in the near future is based upon a Deed of Trust and Note that is no longer held by the same entity or party authorized to effectuate foreclosure proceedings.  The Deed of Trust that was flawed at the loan origination because Mortgage Electronic Registration Service (MERS) or a loan company of MERS was named as the beneficiary or nominee of the lender on the Deed of Trust.  Further,

[13] SEE: IN RE WEISBAND In re: BARRY WEISBAND, Chapter 13, Debtor. Case No. 4:09-bk-05175-EWH. United States Bankruptcy Court, D. Arizona. March 29, 2010.

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

Defendants violated various State laws, including and not limited to, the Unfair Lending Practices Act as set forth in NRS § 598D. Defendants SIERRA PACIFIC MORTGAGE COMPANY INC.; GREENHEAD INVESTMENTS, a California Corporation; and DOUG MOREAU, individually also breached the implied duty of good faith and fair dealing, i.e. the duty to refrain from frustrating the purpose of the lending contract. This duty attends every contract in Nevada[14] and includes their wrongful foreclosure practices.[15]  The Defendants, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; Defendants RECONTRUST COMPANY,FIRST AMERICAN TITLE and FIRST AMERICAN NATIONAL DEFAULT have attempted to foreclose of have advanced a foreclosure when they do not have a lawful right to foreclose. The original Trustees Defendant GREENHEAD INVESTMENTS, a California Corporation participated in the Deed of

---

[14] This duty attends every contract in Nevada. In Hilton Hotels v. Butch Lewis Productions, 107 Nev. 226, 232-33, 808 P.2d 919 (1991), the Nevada Supreme Court wrote:

> Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing. This court recognized such an action in A.C. Shaw Construction v. Washoe County, 105 Nev. 913, 784 P.2d 9 (1989), in which contract damages were held to be recoverable for breach of the implied covenant of good faith and fair dealing.

See also Frantz v. Johnson, 116 Nev. 455, 465 n.4, 999 P.2d 351 (2000) ("An implied covenant of good faith and fair dealing exists in every Nevada contract and essentially forbids arbitrary unfair acts by one party that disadvantage the other." Citations omitted).

[15] Nevada Revised Statute (NRS) 205.372 requires full disclosure of all material facts attendant to a mortgage lending transaction.

> 1. A person, who, with the intent to defraud a participant in a mortgage lending transaction:
> (A) Knowingly makes a false statement or misrepresentation concerning a material fact *or deliberately conceals or fails to disclose a material fact;*

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

Trust utilizing MERS and became part of the wrongful scheme, and never relinquished their status as Trustees or was not properly substituted out.

24.     Additionally, Defendants knowingly or intentionally made a home loan to Plaintiff based solely upon the equity expectations of the home without determining whether the borrower has the ability to repay the home loan from other assets, including, without limitation, income.[16]

## III.

## Jurisdiction, Parties, Venue

25.     This Court has jurisdiction and venue over this action in that, the parcel of real property at issue is located in Washoe County, State of Nevada. The Defendants transacted business in Washoe County; and the individual Defendants named herein are residents of the State of Nevada and perpetuated the challenged conduct as representatives of Defendants.

*The Subject property being described as:*

*1497 ORCA WAY, RENO, NEVADA 89506*

*The land referred to herein is situated in the State of Nevada, County of Washoe,*

Lot 21 of NORTHERN LIGHTS SUBDIVISION- UNIT 6,

---

[16] NRS 598D.100 (2003 version) 1. It is an unfair lending practice for a lender to:
(a) Require a borrower, as a condition of obtaining or maintaining a home loan secured by home property, to provide property insurance on improvements to home property in an amount that exceeds the reasonable replacement value of the improvements.
(b) Knowingly or intentionally make a home loan to a borrower based solely upon the equity of the borrower in the home property and without determining that the borrower has the ability to repay the home loan from other assets, including, without limitation, income.
(c) Finance a prepayment fee or penalty in connection with the refinancing by the original borrower of a home loan owned by the lender or an affiliate of the lender.

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph: 775-867-5599
FAX: 775-867-2559

> according to the map thereof, filed in the office of the County
> Recorder of Washoe County, State of Nevada, on June 8,
> 2004, as File No. 3050030, Tract Map No. 4351, Official
> Records.

*APN: 502-353-01*

26.     Defendant SIERRA PACIFIC MORTGAGE COMPANY, INC. a California

Corporation address being, *50 Iron Point Circle, Ste 200, Folsom, CA 95630* was

the lender involved in the above described property for an initial loan in April 12,

2007 in the sum of $315,000.00. Defendant DOUG MOREAU Nevada Resident is

believed to in some capacity as agent for Lender, either as a loan officer or a loan

processor, acting as employees or representatives, and were acting within or

outside the scope of their employment when luring Plaintiff into the loan.

27.     Defendant, GREENHEAD INVESTMENTS, a California Corporation, named

was the trustee involved in the above described property for an initial loan in April

12, 2007 of $315,000.00 that was predatory in nature, when granted, as more

particularly described in the specific cause of action.

28.     Defendant FIRST AMERICAN NATIONAL DEFAULT participated in the

transaction by way of recording documents involving a wrongful foreclosure of

Plaintiffs property.

29.     RECONTRUST COMPANY, a foreign corporation; FIRST AMERICAN

NATIONAL DEFAULT, a foreign corporation; and FIRST AMERICAN TITLE

participated in initiating and advancing a wrongful foreclosure by not providing

proper substitution of trustee or other entity to prosecute the non-judicial

foreclosure. RECONTRUST COMPANY is the entity Plaintiff was informed to

16

1   contact to arrange payments to stop the foreclosure, and is believed to hold some

2   interest in the property Note or Deed of Trust, but Plaintiff has located no recorded

3   documents establishing their standing. [17]

4

5       30.     Defendants  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

6   are believed to be a Delaware corporation, respectively, which were, and are,

7   integrally involved in a system which shares information among lending

8   corporations.  These Defendants are believed to have acted in concert with SIERRA

9   PACIFIC MORTGAGE COMPANY INC, DOUG MOREAU, GREENHEAD

10  INVESTMENTS, RECONTRUST COMPANY, and FIRST AMERICAN NATIONAL

11  DEFAULT and the other Defendants herein named or to be named, so as to engage

12  in predatory and unfair lending practices including without limitation the intentional

13  transfer of rights as purported beneficiary under void Deeds of Trust for the purpose

14  and with the intent of facilitating wrongful and unlawful foreclosures on the Plaintiff

15  herein and millions of other homeowners in the United States; to have used persons

16  with good credit and substantial down payments, such as Plaintiff, to prop up a

17  scheme to generate bonuses and corporate profits – at the expense of the national

18  real estate market; and to have otherwise conspired to harm Plaintiff. Upon

19  information and belief, Defendant a corporation and doing business in the State of

20  Nevada through its division or subsidiary, Defendant Mortgage Electronic

21  Registration Systems, Inc. ("MERS, Inc."), a Delaware corporation.

22      31.     Defendant BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME

23

---

[17] NRS 247.200 requires all instruments effecting real property be recorded.

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599

LOANS is believed to be the servicer involved in the above described property for an initial loan in April 12, 2007 in the sum of $315,000.00 that was predatory in nature, when granted, as more particularly described in the specific cause of action.

32.     Doe Defendants I-25 are corporations, persons, associations, partnerships or other entities, the identities of which are unknown to Plaintiff.  Plaintiff believe Doe 1-25 and Roes 1-25 Defendants are in some way responsible for the damages they have sustained. When Plaintiff ascertains the identities of these Doe Defendants, he may seek leave of this Court to amend this Complaint, so as to hold Doe Defendants legally responsible.

## IV.

### Facts

33.     Plaintiff hereby incorporates the allegations of paragraphs 1 through 32, inclusive, as well as all other paragraphs herein, as though the same were fully stated.

34.     In April 12, 2007. Plaintiff was lured into an "interest-only period fixed rate note. Plaintiffs were offered a loan from Defendant SIERRA PACIFIC MORTGAGE COMPANY INC and DOUG MOREAU, individually. The loan as granted actually exceeded 40% payment to income ration, but Plaintiff was assured that if they could not make the payments within a few years refinance would be available. Plaintiffs have made every attempt to get a modification or refinance and have been refused. It is believed, that the Notes were immediately sold or transferred, yet, the Deed of Trust, naming MERS as beneficiary, was never assigned, and became void upon transfer, sale, or assignment of the Note. Plaintiff was assured that when any

18

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph: 775-867-5599
FAX: 775-867-2559

difficulty arose he would be able to refinance the property because of the increased value of the equity that would be "growing." Plaintiff was never given access to the true holder of the Note to negotiate a refinancing. The "boilerplate" Note, provided by Defendants, including among other things a waiver of "Presentment and Notice of Dishonor" which would prevent Plaintiff from being able to determine who holds the Note. Though at the inception of the loans, the lenders and participants in closing the loans have promised and guaranteed that Plaintiff could refinance and/or modify the loan before any increase in payment would be in effect. Plaintiff made several attempts to modify their loan but was not given direct contact with the holder of the note, but dealt with believed servicers, BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS.

35.     Plaintiff received a "Notice of Default" executed by Defendant RECONTRUST COMPANY, by Defendant FIRST AMERICAN TITLE COMPANY as agent, executed September 19, 2008 in the State of California County of Contra Costa County, Recorded on September 22, 2008 by Defendant FIRST AMERICAN NATIONAL DEFAULT.

36.     Defendant RECONTRUST COMPANY executed "notice of Trustee Sale: and recorded by Defendant FIRST AMERICAN NATIONAL DEFAULT on January 12, 2010; August 27, 2009; April 14, 2009; and January 8, 2009. It is believed that the resident has been wrongfully sold in that the notices were improper and the purchases violated NRS 645F.440.

37.     Defendants, SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC

19

REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME

LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST

COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL

DEFAULT their successors, assignees, or representatives acted in concert with the

individual named Defendants herein secured, acquired and/or ratified the contract

while luring unwary borrowers into "subprime" mortgages, i.e., loans with high

interest rates and excessive costs. Said Successors or assigns, knowing the

liability associated with acquiring assets of the various Lenders involved herein and

knowing that the predecessors made these loans available to unqualified borrowers,

while knowing many of the loans would result in foreclosure, in derogation of the

implied duty of good faith and fair dealing owed to Plaintiff. Successor holders or

assigns still acquired the assets of the predecessor lenders knowing said

predecessors engaged in myriad forms of misconduct before and after execution of

the subject contract. For example, the Defendant lender: SIERRA PACIFIC

MORTGAGE COMPANY INC, had many mortgage products available – many of

which were attended by a high probability of foreclosure and therefore a probability

of eroding and then collapsing real estate values in Nevada.

38.     Defendant SIERRA PACIFIC MORTGAGE COMPANY INC, in concert with

the other named Defendants herein maintained policies and practices of pressuring

and/or steering customers into subprime mortgages, and other inherently defective

arrangements, which were likely to result in foreclosure, but which generated high

profits on a short-term basis. Subprime loans were significantly more profitable

than prime loans SIERRA PACIFIC MORTGAGE COMPANY INC, pressured and

20

induced its brokers and agents, directed Plaintiff into subprime loans, even though

Plaintiff was qualified for loans on more favorable terms, i.e., prime loans which

were less likely to result in foreclosure.

39.   SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU;

GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION

SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING

LP fka COUNTRYWIDE HOME LOANS and their brokers and agents issued

subprime mortgages to borrowers who were incapable of paying the mortgages

throughout the life of the loan, and who were known to be incapable, e.g., persons

with poor credits scores, and possessed of inadequate income and resources.

SIERRA PACIFIC MORTGAGE COMPANY INC and their brokers and agents

aggravated these practices by designing subprime loans attended by numerous

fees and penalties, which produced significant revenue for Defendants but which

increased the risk of default and foreclosure.

40.   The Defendants named herein SIERRA PACIFIC MORTGAGE COMPANY

INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation;

BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS;

RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST

AMERICAN NATIONAL DEFAULT set up a scheme whereby they or their

successors in interest reaped inordinately large profits pursuant to predatory lending

schemes. To the contrary, Defendants' borrowers, especially prime borrowers,

would bear the brunt of risks which would materialize.  Said Defendants did not

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

disclose to Plaintiff, or other borrowers, these risks which could, and probably would, far exceed those attendant to normal market fluctuations. As a predicate to entering into the mortgage contract Defendants and those they acted in concert with, required Plaintiff to make detailed financial disclosures, including disclosures regarding Plaintiff's assets and income.   Plaintiff made these disclosures. Defendants thereby acquired detailed knowledge of Plaintiff's financial vulnerability to the Defendants' predatory lending practices and/or unethical and unsound business practices.   Plaintiff, while further extending his exposure to such effects via a substantial down payment, relied upon Defendants to advise and act in a reasonable, ethical and lawful manner, e.g., to honor the mutuality of obligation which was the essence of the mortgage contract and to disclose all material facts.

41.     Defendants were possessed of a duty to disclose all material facts and knew, and should have known, Plaintiff was relying on Defendants to do so in a complete and forthright manner.   This duty existed as of the time of execution of the subject contract, with Defendants, and continues to exist.  This duty is codified by Nevada Revised Statute § 205.372.[18]

---

[18] 1. A person who, with the intent to defraud a participant in a mortgage lending transaction:
(a) Knowingly makes a false statement or misrepresentation concerning a material fact or deliberately conceals or fails to disclose a material fact;
(b) Knowingly uses or facilitates the use of a false statement or misrepresentation made by another person concerning a material fact or deliberately uses or facilitates the use of another person's concealment or failure to disclose a material fact;
(c) Receives any proceeds or any other money in connection with a mortgage lending transaction that the person knows resulted from a violation of paragraph (a) or (b);
(d) Conspires with another person to violate any of the provisions of paragraph (a), (b) or (c); or
(e) Files or causes to be filed with a county recorder any document that the person knows to include a misstatement, misrepresentation or omission concerning a material fact, commits the offense of mortgage lending fraud which is a category C felony and, upon conviction,

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

42.    SIERRA PACIFIC MORTGAGE COMPANY, INC. a California Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation ; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation and BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS their brokers and agents engineered many of its loan products so as to necessitate refinancing. That is, borrowers would be faced with substantial increases in payments, or in the alternative, would be forced to refinance SIERRA PACIFIC MORTGAGE COMPANY INC, and their brokers and agents knew if real estate values declined, refinancing would not be available to many borrowers, who had been assured refinancing would be an easy way to resolve problems.

43.    SIERRA PACIFIC MORTGAGE COMPANY INC, and their brokers and agents failed to implement quality assurance standards in reviewing brokers' actions and documents. Defendants intentionally allowed numerous loans to be approved, despite fraudulent or inadequate documentation.

Defendants profited from these "Scratch and Dent" loans by collecting

---

shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 10 years, or by a fine of not more than $10,000, or by both fine and imprisonment.
2. A person who engages in a pattern of mortgage lending fraud or conspires or attempts to engage in a pattern of mortgage lending fraud is guilty of a category B felony and, upon conviction, shall be punished by imprisonment in the state prison for a minimum term of not less than 3 years and a maximum term of not more than 20 years, or by a fine of not more than $50,000, or by both fine and imprisonment...."
Sec. 11. This act becomes effective:
1. Upon passage and approval for the purposes of adopting regulations and performing any other preparatory actions that are necessary to carry out the provisions of this act; and
2. On July 1, 2009 for all other purposes.
Approved by the Governor May 29, 2009.

435 Reno Hwy.
!.O. Box 1740
allon, Nevada 89406
'h:: 775-867-5599
'AX: 775-867-2559

23

interest-only payments and penalty fees regarding loans which were attended by little or no chance of reaching maturity.

44.     Defendants, SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS engaged in lending practices which Defendants knew would frustrate borrowers' purposes of executing mortgages.  Defendants convinced persons to execute mortgages which were attended by adjustable rates and/or balloon payments which Defendants knew, and should have known, the mortgagors would be unable to pay.

45.     Defendants engaged in fraud and/or deliberate carelessness in the loan qualification process in order to artificially create commissions and profits via authorization of loans which should not have been made.  Defendants SIERRA PACIFIC MORTGAGE COMPANY INC, and their brokers and agents had economists and/or financial advisors who informed Defendants that their predatory, unethical and/or unsound business practices were attended by huge risks, i.e., the risk of severe damage to the real estate market.  Defendants proceeded intentionally, or in the alternative with reckless disregard and/or negligence, with predatory, illegal, unethical and unsound business practices -- in order to continue profiting at the expense of borrowers.  The details of Defendants' predatory, unethical, illegal and/or unsound lending practices are peculiarly within the Defendants knowledge and will be adduced during discovery.

46.     The executives and employees of SIERRA PACIFIC MORTGAGE

24

COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation;

BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS;

RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST

AMERICAN NATIONAL DEFAULT, have relied on the principle of sanctity of

contract in support of their "right" to receive huge bonuses and/or grossly inflated

salaries.  The same principles provide a legal basis for this lawsuit and standing for

Plaintiff to proceed against Defendants.  SIERRA PACIFIC MORTGAGE

COMPANY INC; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME

LOANS, and their brokers and agents are estopped from denying the sanctity of the

subject mortgage contracts, including the viability of the implied duty of good faith

and fair dealing.

47.    Defendants  SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG

MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME

LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST

COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL

DEFAULT and their brokers and agents, directors and officers derived significant

personal benefits from illegal activities.  Massive bonuses were paid to Defendants

executives and employees in part from monies paid to SIERRA PACIFIC

MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS;

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware

Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

LOANS; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST

AMERICAN NATIONAL DEFAULT and their brokers and agents by Plaintiff.  These

bonuses constituted a form of unjust enrichment.

48.    Defendants SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG

MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME

LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST

COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL

DEFAULT and their brokers and agents officers, directors and senior managers,

who did not directly participate in illegal activities, nonetheless knew they would

benefit from the illegal and unethical activities alleged herein.  Defendants

possessed an ongoing duty, which mirrored Plaintiff's duty to continue to make

payments per the mortgage contract, to disclose to Plaintiff predatory and/or

unethical practices which might frustrate the purposes of the mortgage contract.

49.    Defendants may have assigned an ownership interest in the Deed of

Trust/Promissory Note generated as the result of the subject mortgage to Defendant

Mortgage Electronic Registration Systems, Inc. and/or MERSCORP, Inc., resulting

in none of the Defendants to be able to establish being a party who can prove that

they are a legitimate holder in due course.

50.    Defendants and their brokers and agents provided loans to customers who

were known to lack the income/assets to provide complete, timely monthly

payments.  Defendants provided loans, the repayment of which necessitated

allocation of an inordinately high percentage of borrowers' income.  Borrowers were

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775 867 2660

left with little income with which to pay other living expenses.   Default and

foreclosure therefore became highly likely.

51.     Defendants failed to perform adequate verification regarding borrowers'

assets and incomes and instead utilized the "CLUES" computer system – which

facilitated underwriting decisions within minutes of submission of information.  The

failure to properly qualify borrowers resulted in many loans which should not have

been made, as well as the provision of excessive monies to unqualified borrowers,

i.e., borrowers received loans which were beyond their economic means to repay.

This practice in turn resulted in defaults and foreclosures which eroded real estate

values in Nevada and nationwide.   The purposes of the contract Plaintiff executed

were thereby thwarted.

52.     Defendants and their brokers and agents engaged in a criminal conspiracy,

i.e., SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU;

GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION

SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING

LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY; FIRST

AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT and their

brokers and agents acted in concert with various mortgage brokers and lenders, so

as to encourage use of risky, unsound mortgage products, and thereby maximize

short-term profits.  This conspiracy was implemented, in part, through the actions of

mortgage brokers who regularly dealt with SIERRA PACIFIC MORTGAGE

COMPANY INC and their brokers and agents.   The members of MERS, named

herein, participated in or ratified the conspiracy.

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599

27

1

2

3

## V.

### FIRST CAUSE OF ACTION

### (Violation of Unfair Lending Practices, N.R.S. 598D.100)

4

5   53.    Plaintiff repeats and re-alleges each and every allegation contained in the

6   preceding paragraphs and incorporates the same as though fully set forth herein

7   54.    In April 12, 2007 Plaintiff was lured into an "interest-only period fixed rate

8   note. Plaintiff was offered a loan from Defendant SIERRA PACIFIC MORTGAGE

9   COMPANY INC and DOUG MOREAU, individually. The loan as granted actually

10  exceeded 40% payment to income ration, but Plaintiff was assured that if she could

11  not make the payments within a few years refinance would be available. Plaintiffs

12  have made every attempt to get a modification or refinance and have been refused.

13  It is believed, that the Notes were immediately sold or transferred, yet, the Deed of

14  Trust, naming MERS as beneficiary, was never assigned, and became void upon

15  transfer, sale, or assignment of the Note. Plaintiff was assured that when any

16  difficulty arose he would be able to refinance the property because of the increased

17  value of the equity that would be "growing." Plaintiff was never given access to the

18  true holder of the Note to negotiate a refinancing. The "boilerplate" Note, provided

19  by Defendants, including among other things a waiver of "Presentment and Notice

20  of Dishonor" which would prevent Plaintiff from being able to determine who holds

21  the Note. Though at the inception of the loans, the lenders and participants in

22  closing the loans have promised and guaranteed that Plaintiff could refinance

23  and/or modify the loan before any increase in payment would be in effect. Plaintiff

24  made several attempts to modify their loan but was not given direct contact with the

25

26

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599

28

holder of the note, but dealt with believed servicers BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY.

55.     Defendant RECONTRUST COMPANY and is the entity Plaintiff was informed to contact to arrange payments to stop the foreclosure, and is believed to hold some interest in the property, Note or Deed of Trust, but Plaintiff has located no recorded documents establishing their standing. [19]

56.     Defendants  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. are believed to be a Delaware corporation, respectively, which were, and are, integrally involved in a system which shares information among lending corporations.  These Defendants are believed to have acted in concert with Defendants SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT and the other Defendants herein named or to be named, so as to engage in predatory and unfair lending practices including without limitation the intentional transfer of rights as purported beneficiary under void Deeds of Trust for the purpose and with the intent of facilitating wrongful and unlawful foreclosures on the Plaintiff.  The "boilerplate" Note, provided by Defendants, including among other things a waiver of "Presentment and Notice of Dishonor" which would prevent Plaintiff from being

---

[19] NRS 247.200 requires all instruments effecting real property be recorded.

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph.: 775-867-5599
FAX: 775-867-7550

1  able to determine who holds the Note. Though at the inception of the loans, the

2  lenders and participants in closing the loans have promised and guaranteed that

3
4  Plaintiff could refinance and/or modify the loan before any increase in payment

5  would be in effect. Plaintiff made several attempts to modify their loan but was not

6  given direct contact with the holder of the Note, but dealt with believed servicers.

7  57.    Defendants, SIERRA PACIFIC MORTGAGE COMPANY INC. utilized

8  guidelines in the "intake" information and/or underwriting department that would

9
10  qualify Plaintiff for a Home Purchase Loan, but said evaluation was contrary to

11  those set forth in the Unfair Lending Practices Act under NRS § 598D.100 (2003).

12  Defendants loaned funds wherein they knew or should have known that the loans

13  made to Plaintiff were based upon stated income with no verification of the Plaintiff's

14  ability to repay the loans in violation of NRS § 598D.100 (2003).  More specifically,

15  Defendants, knowingly or intentionally made, or participated in the making of a

16  home loan to Plaintiff, based solely upon the equity of the borrower in the home

17
18  property and without determining that Plaintiff had the ability to repay the home loan

19  from other assets, including, without limitation, income.

20  58.    Defendants' actions complained of herein constitute unfair lending practices

21  violating the protections guaranteed under NRS § 598D.100 which entitles Plaintiff

22                                   **VI.**

23                        **SECOND CAUSE OF ACTION**

24
25            **(Conspiracy to Commit Fraud and Conversion)**

26  59.    Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs and incorporates the same as though fully set forth herein

60.    Defendants SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU;   GREENHEAD   INVESTMENTS;   MORTGAGE   ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT and their brokers and agents, and the Co-conspirator Defendants named herein, referred to below as Lenders, Securitizers, and/or Servicers conspired to defraud Plaintiff claiming she was approved for loans which if they used traditional lending practices, and not an equity based loan, Plaintiff would not have qualified. Additionally Defendants by participating in the MERS system perpetuated the fraud.[20]

61.    As noted above, Defendants, that were involved with each loan transaction namely: Defendants SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT, formed an association to conspire to deprive Plaintiff of her property through fraud and misrepresentation that would result in Plaintiff entering into loan agreements for which he was ultimately not qualified and which would eventually

---

[20] The elements of common law fraud are "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." [Allstate Ins. Co. v. Receivable Fin. Co., 501 F.3d 398, 406 (5th Cir.2007)

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599

result in Plaintiff's inability to make payments and stay in his home, losing substantial down payments, and years of interest payments.

62.     Upon information and belief, in furtherance of the conspiracy, Defendants SIERRA PACIFIC MORTGAGE COMPANY INC and DOUG MOREAU; as agent or employee (acting within or outside his scope of emplacement), GREENHEAD INVESTMENTS; as unauthorized Trustee and BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS as servicer, acting in concert and for the benefit of each to acquire fees or income intended that the Plaintiff's loans would be packaged with other loans and sold on the secondary market, resulting in a profit to Defendants.

63.     Defendants, SIERRA PACIFIC MORTGAGE COMPANY INC successors in interest and each of them knew prior to their origination of the loans or acceptance of the loans for servicing and subsequent transfer of the loans that Plaintiff was not qualified to make the payments under the loans. However, Defendants and their successors in interest knew or should have known that Plaintiff would rely, and did rely, upon Defendants and successors in interests' representations, or the representations of Defendants' employees or representatives, related to Plaintiff's ability to repay the loan or to refinance the loan by SIERRA PACIFIC MORTGAGE COMPANY INC and DOUG MOREAU, as well as subsequent participants, Defendants GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT intended to reap substantial profits from the initial execution of the

32

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph: 775-867-5599
FAX: 775 867 5559

mortgage loan without any consideration of the long-term viability of the contractual agreement.

64. Defendants acted in a concerted manner to target Plaintiff as a borrower, to misrepresent the loan terms and to misrepresent Plaintiff's qualification for the loans, in order to reap additional profits. As a result of Defendants' conspiracy described herein, Plaintiff has suffered injuries which include mental anguish, emotional distress, embarrassment, humiliation, loss of reputation and a decreased credit rating which has impaired Plaintiff's ability to obtain credit at a favorable rate, the loss or anticipated loss of his home and other financial losses according to proof, including attorneys' fees and costs incurred in this matter, in excess of $10,000.00.

65. Defendants willfully and wantonly conspired to deceive Plaintiff into taking the loans alleged herein, justifying an award of punitive damages, in excess of $10,000.00.

## VII.

### THIRD CAUSE OF ACTION

### (Permanent Injunction)[21]

66. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs and incorporates the same as though fully set forth herein.

67 Defendant RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT are threatening Plaintiff with

---

[21] A Declaratory Judgment may, under appropriate circumstances, be coupled with injunctive relief. N.R.S. 31.010, 31.030, subd. 1, 31.040, 31.180. Aronoff v. Katleman, 345 P.2d 221, 75 Nev. 424 (1959),

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph.: 775-867-5599
FAX: 775-867-5550

non judicial foreclosure sale but are acting without authority in that the NOTICE of DEFAULT was recorded on September 22, 2009, recorded by Defendant FIRST AMERICAN NATIONAL DEFAULT, was executed by parties not authorized to execute the same.

68.     Plaintiff received a "notice of trustee's sale" executed by Defendant RECONTRUST COMPANY, without receiving any recordation according with statute establishing who this entity is and under who's authority they can take such actions.

69.     To the knowledge of the Plaintiff, Defendant was never substituted as trustee prior to these documents being filed and recorded, establishing that they were not proper parties under NRS 107.080 to initiate a non judicial foreclosure. And should the sale be allowed, Plaintiff will demand a rescission under NRS 645F.440.

70.     Plaintiff will be irreparably harmed in the event that such non-judicial foreclosure sale is completed, its remedy at law being wholly inadequate.

71.     Defendants caused a Deed of Trust to be executed and recorded which identified MERS as the beneficiary/nominee of the subject properties. The alleged language indicates that: "MERS is acting solely as a nominee for Lender and Lender's successors and assigns and MERS is the beneficiary under this Security (Deed of Trust) Instrument."  The Deed of Trust misrepresents the true party in interest and holder of the "original Note."

72      At the time Plaintiff signed the Deed of Trust, at the dates noted above, he was without knowledge MERS previously declared to Defendants that MERS would never hold a beneficial interest in any Deed of Trust, including Plaintiff's.

34

73.    All of the Defendants SIERRA PACIFIC MORTGAGE COMPANY INC;
DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME
LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST
COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL
DEFAULT, their brokers and agents, successors in interest or some of them, knew,
and should have known, prior to the presentation of the subject Deed of Trust, that
MERS' policy was to refrain from holding a beneficial interest in either the subject
Deed of Trust or property.   Defendants knew MERS' declaration to this effect was
part and parcel of a conspiracy to violate public policy and the law.

74.    Notwithstanding knowledge of MERS' deceptive and predatory business
practices and declaration, Defendants used false and misleading
misrepresentations to Plaintiff, and failed to inform Plaintiff of MERS' declaration;
the predatory and deceptive schemes orchestrated by MERS and participated in by
MERS; and of Defendants' relationship to MERS.  Defendants, SIERRA PACIFIC
MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware
Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME
LOANS; thereby intended to cause Plaintiff to rely upon their implied and direct
misrepresentations and omissions.

75.    Plaintiff relied upon Defendants' misrepresentations and remained
uninformed of the operative and material facts as to the identity of MERS and
MERS' relationship with Defendants. Defendants were unaware of MERS'

35

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

declaration, and the conspiracy of which Defendants, including MERS, created and participated in. Plaintiff manifested this reliance by executing the Deed of Trust, as well as other documents attendant to the mortgage contract.

76. The subject Deed of Trust is null and void and bereft of legal effect. MERS has no standing or authority to designate a substitute or successor beneficiary, or substitute a successor trustee – or to take any other action relative to any purported beneficiary. The Deed of Trust was fraudulently obtained; is the product of an actionable conspiracy; is evidence of racketeering; and creates an estoppel.

77. Defendants intentionally deceived Plaintiff by creating a sham beneficiary pursuant to the Deed of Trust. Defendants designated MERS as the beneficiary to render difficult or impossible the identification of the actual owner or beneficial interest holder of the Deed of Trust, until such time as Defendants, chose to designate the owner or beneficial interest holder pursuant to a predatory foreclosure. Defendants designated a sham beneficiary to facilitate a wrongful disclosure. By maintaining the fiction MERS is a properly designated beneficiary, Defendants violated NRS §§ 205.372 and NRS 207.470.

78. Defendants perpetrated a calculated scheme to defraud Plaintiff and to deny Plaintiff and other Nevadans access to Nevada Courts. Defendants knew of the illegality of their predatory lending schemes and, pursuant to the designation utilized a sham beneficiary as a procedural roadblock to forestall an adjudication of the merits.

79. As a direct and proximate result, Plaintiff has been harmed as described herein. Plaintiff has repudiated the mortgage contract via this lawsuit. Plaintiff

contends that that contract is null and void pursuant to the legal principles stated herein, including estoppel, and pursuant to offset. That is, the amount of damages owed to Plaintiff, upon being trebled pursuant to Nevada's anti-racketeering statute and the Unfair Lending Practices Act, exceeds the face value of the Promissory Note.

80.    Plaintiff has suffered emotional trauma and will be irreparably harmed if Defendants are allowed to exploit a Deed of Trust which was fraudulently obtained so as to deny Plaintiff his home via a wrongful foreclosure, and actual damages for funds paid in excess of $10,000.00.

81.    As a result of Defendants' actions, it has become necessary for Plaintiff to retain the services of an attorney to prosecute the claims herein, and Plaintiff are entitled to all costs and attorneys' fees incurred, including any interest thereon.

82.    Plaintiff desires a judicial determination as to the respective rights and obligations of Plaintiff and Defendants in connection with the matter herein alleged and a judgment in favor of Plaintiff as to any obligation owed by Defendants to Plaintiff herein.

///
///
///
///
///
///
///
///
///

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

## VIII

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)[22]

83.    Plaintiff incorporates by reference each and every preceding paragraph of this Complaint as if fully set forth in this claim.

84.    As alleged in Plaintiff claims regarding Defendants' violations of the State laws, Defendants have violated Plaintiff rights under State law.

85.    Defendants, RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT have either proceeded with foreclosures against Plaintiff or threatened foreclosures against Plaintiff for which Defendants are not owed any payments, have no lawful right to foreclose and have unlawfully deprived or attempted to deprive Plaintiff of his home.

86.    Plaintiff seeks a declaratory judgment against Defendants stating that Defendants have violated Plaintiff's rights under State laws as alleged herein.

---

[22] NRS 31.010-30.160. The Uniform Declaratory Judgment Act opens the door to adjudication of innumerable complaints and controversies not theretofore capable of judicial relief and permits the courts to vindicate challenged rights, clarify and stabilize unsettled legal relations, and remove legal clouds which create insecurity and fear. St.1929, c. 22, § 1 et seq. Kress v. Corey, 189 P.2d 352, 65 Nev. 1 (1948).
   A Declaratory Judgment may, under appropriate circumstances, be coupled with injunctive relief. N.R.S.31.010, 31.030, subd. 1, 31.040, 31.180. Aronoff v. Katleman, 1959, 345 P.2d 221, 75 Nev. 424 A declaratory judgment may be brought to determine an actual controversy Pittenger v. Home Sav. and Loan Ass'n of Los Angeles, 166 Cal. App. 2d 32, 332 P.2d 399 (2d Dist. 1958), Green v. Cox, 44 Or. App. 183, 605 P.2d 1198 (1980). regarding the validity of a mortgage or trust deed, Cal.—R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 21 P.2d 413 (1933), Fla.—Rice v. Fremow, 165 So. 2d 447 (Fla. Dist. Ct. App. 2d Dist. 1964) or the rights, duties, and liabilities of the parties, U.S.—Manchester Gardens, Inc. v. Great West Life Assur. Co., 205 F.2d 872 (D.C. Cir. 1953); U. S. v. Park Side Court, Inc., 257 F. Supp. 177 (D.N.J. 1966), judgment aff'd, 376 F.2d 853 (3d Cir. 1967), Lomanto v. Bank of America, 22 Cal. App. 3d 663, 99 Cal. Rptr. 442 (4th Dist. 1972) including those of a trustee. Black v. Elkhorn Coal Corp., 233 Ky. 588, 26 S.W.2d 481 (1930). Declaratory relief is also appropriate to determine priorities between mortgages, Grambo v. South Side Bank & Trust Co., 141 Pa. Super. 176, 14 A.2d 925 (1940); Bank of Augusta v. Satcher Motor Co., 249 S.C. 53, 152 S.E.2d 676 (1967) and the validity of a sale made by a trustee. Holland v. Pendleton Mortg. Co., 61 Cal. App. 2d 570, 143 P.2d 493 (2d Dist. 1943).

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

38

87.   Plaintiff has been required to retain counsel in this matter to protect Plaintiff rights and have incurred attorneys' fees and costs in this matter.

IX

**FIFTH CLAIM FOR RELIEF**

**(Wrongful Foreclosure)**

88.   Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth in this claim.

89.   Defendants have assigned the Note and/or Deed of Trust to entities with which Plaintiff do not have any agreement and/or were never disclosed to Plaintiff.

90.   Defendants assigned Plaintiff's Note to investors by way of a mortgage backed securities wherein a co-mingling of the Notes occurred.  Defendants transferred the Deed of Trust to the mortgage backed security and no interest in the Note or Deed of Trust was retained by the lender or by MERS as beneficiary or nominee of the lender.

91.   The purported authority of the NOTICE of DEFAULT was recorded on September 22, 2009 and executed by RECONTRUST COMPANY by FIRST AMERICAN TITLE COMPANY and recorded by FIRST AMERICAN NATIONAL DEFAULT. Plaintiff did not have to recognize the wrongful notice in that such an entity in violation of NRS 247.200 failed to record any evidence of appointment as a beneficiary, successor beneficiary, or trustee or substitute trustee, the only entities entitled to give statutory notice under NON-JUDICIAL FORECLOSURE STATUTE NRS 107.080 et. seq.

92.   Defendants have declared or threaten to declare a default on an obligation

39

over which they have no rights. Under information and belief, as will be established upon completion of discover, Plaintiff's obligations were discharged when the investors in the mortgage backed securities claims were paid as a result of over-collateralization of the obligations and/or credit default swaps and/or federal bailout funds and other monies paid to the investors who owned the Notes and obligations and/or to the Defendants or bank holding companies who disbursed the monies in such fashion as to extinguish the obligations of Plaintiff to repay the monies they borrowed which are at issue herein.

93.    Neither the investors in the mortgage backed securities nor any other entity or person who had a right to payment from the borrower(s) or was a beneficiary under the Deeds of Trust ever declared a default of the Notes executed by Plaintiff. No beneficiary under the Deed of Trust ever declared a default under the Note and Deed of Trust. No beneficiary under the Deed of Trust ever directed a sale of any of the properties owned by Plaintiff in which MERS is named as beneficiary or nominee of the beneficiary/lender.

94.    The servicers of the Notes have no contract with the Plaintiff no investment in the mortgage back securities, and no right to declare a default on the note. The allegation by the loan servicers in the notices of Default and election to sell Plaintiff' property that "the beneficiary has declared a Default and directed that the property be sold" is not true. The Defendant servicers who made that false representation knew at the time each and every such notice was executed, mailed and recorded that those allegations were false.

95.    Any foreclosure action against Plaintiff's property must commence with a

40

written declaration of Default and direction to the trustee to sell the property.  The written notice must be made by the entity to which the obligation is owed.

96.     After the debts on the Notes were discharged to the investors, the assignments of the Deeds of Trust and Notes, the subsequent notices and substitutions of trustee and beneficiaries were nullities and transferred nothing to the entities now seeking to foreclose on the Plaintiff's property or claiming to own the Plaintiff's property as bank REO's.

97.     No person or entity with any legal right to declare a default or direct a sale of Plaintiff's Note or Deeds of Trust has taken any such action.

98.     As a direct and proximate result of the unlawful and wrongful commencement and advancement of foreclosure proceedings by Defendants, the Plaintiff has suffered economic damages, severe and disabling psychological and physical pain and suffering, humiliation, embarrassment, damage to credit and other damages as alleged herein.

99.     Plaintiff has been required to retain counsel and expend costs to prosecute

## X

## SIXTH CAUSE OF ACTION

### (Fraud Through Omission)

100.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs and incorporates the same as though fully set forth herein.

101.    The corporate Defendants, in 2007, namely: Defendants SIERRA PACIFIC MORTGAGE COMPANY INC, as Lender, MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC as beneficiary,  GREENHEAD INVESTMENTS; as

1
2   Trustees, BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS
3   as servicer, as noted above, their executives and employees committed fraud by
    failing to disclose to Plaintiff the predatory, unethical and unsound lending and
4   foreclosure practices, and bonuses and inflated salaries paid pursuant thereto.
5   Defendants SIERRA PACIFIC MORTGAGE COMPANY INC, aided and assisted by
6   GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION
7   SYSTEMS INC. [MERS] a Delaware Corporation; and BAC HOME LOAN
8   SERVICING LP fka COUNTRYWIDE HOME LOANS, failed to disclose predatory,
9   unethical and unsound lending practices of other major lenders, of which
10  Defendants were aware per the MERS system, and other means.  Defendants were
11  possessed of a duty to make such disclosure.  The facts which Defendants failed to
12  disclose were material to the mortgage contract, and to Plaintiff's informed right to
13  rescind.  Defendants, including BAC HOME LOAN SERVICING LP fka
14  COUNTRYWIDE HOME LOANS knew, and should have known, if these facts had
15  been disclosed, Plaintiff would not have executed the subject mortgage contract
16  and would have ceased to rely upon Defendants' integrity and good faith.    Plaintiff,
17  had he been fully and timely informed, would have rescinded.  Defendants
18  assiduously cultivated reliance upon their alleged integrity and good faith through
19  years of advertising – which falsely portrayed Defendants as a bastion of honesty
    and as possessing high-minded motives to assist American home-buyers.
20  102.    Plaintiff relied upon Defendants' representations and upon Defendants'
21  failure to advise of ongoing predatory, unethical and unsound business practices
22  which Defendants knew were possessed of the potential to severely damage the
23  real estate market in Northern Nevada.   Plaintiff reasonably relied upon the express
24  representations of Defendants.
25  103.    As a direct and proximate result, Plaintiff was damaged.  That is, the value
26  of real estate Plaintiff obtained pursuant to the subject mortgage transaction has

markedly diminished. Plaintiff suffered emotional distress; anxiety and loss of enjoyment of life. Plaintiff's equity, obtained via a sizeable down payment, has been dissipated as a direct and proximate result of Defendants' predatory, illegal and unsound lending and foreclosure practices for which Plaintiff is entitled to exemplary and punitive damages, according to the proof submitted to the fact finder, both being in excess of $10,000.00.

## XI

## SEVENTH CAUSE OF ACTION

### (Quiet Title Action)

104.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs and incorporates the same as though fully set forth herein.

105.    The Title to Plaintiff's property is clouded. Defendant BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT are threatening Plaintiff with non judicial foreclosure sale but are acting without authority. To the knowledge of the Plaintiff, these entities were never substituted as trustee prior to these documents being filed and recorded, establishing that they were not proper parties under NRS 107.080 to initiate a non judicial foreclosure. And should the sale be allowed Plaintiff will demand a rescission under NRS 645F.440. Each and every document being invalid is a "cloud" on the title and should not establish any right title or interest to the property.

106.    Plaintiff recorded a "Lis Pendens" with the Washoe County Recorder, pursuant to Chapter 40, to place, on notice anyone who may unknowingly purchase the home at an unlawful non-judicial foreclosure sale. Plaintiff thereby clearly

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

43

encumbered the property so as to provide Defendants, and others, with formal

notice as to the defective character of Defendants' claims.

107.    Plaintiff, above named, owns in fee simple, possess and is entitled to

possess the property described herein together with the exclusive right at all times

to enter upon or in said land to prospect for and to drill, bore, recover and remove

the same, described as follows:
> The Subject property being described as:

> 1497 ORCA WAY, RENO, NEVADA 89506

> The land referred to herein is situated in the State of Nevada, County of
> Washoe,

>> Lot 21 of NORTHERN LIGHTS SUBDIVISION- UNIT 6,
>> according to the map thereof, filed in the office of the County
>> Recorder of Washoe County, State of Nevada, on June 8,
>> 2004, as File No. 3050030, Tract Map No. 4351, Official
>> Records.

> APN: 502-353-01

108.    Plaintiff need not TENDER any funds regarding the Note in order to

foreclose, in that under information and belief, the Note has been severed from the

Deed of Trust making the note unsecured, and the Deed of Trust a "cloud on the

title" of Plaintiff. Thus Without providing any supporting documentation, Defendants

claim and assert an interest or interests in the property adverse to Plaintiff. The

claims of said Defendants are without any right whatsoever and Defendants have

not, nor have any of them, any estate, right, title or interest whatsoever in said land

or premises or any part thereof.

## XII.

## EIGHTH CAUSE OF ACTION

## ( Breach of Good Faith and Fair Dealing

109.    Plaintiff repeats and re-alleges each and every allegation contained in the

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

preceding paragraphs and incorporates the same as though fully set forth herein.

110.    SIERRA PACIFIC MORTGAGE COMPANY INC and BAC HOME LOAN

SERVICING LP fka COUNTRYWIDE HOME LOANS, and their brokers and agents,

successor in interest owed to Plaintiff a contractual duty of good faith and fair

dealing, i.e., a duty to refrain from frustrating the purposes of the mortgage

contract.[23]  Defendants and their brokers and agents, successors in interest directly

assumed this duty.  By participating in MERS, Defendants, BAC HOME LOAN

SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY;

FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT

assumed implied contractual duties, which render those Defendants subject to suit,

both in contract in tort.

111.    Defendants SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG

MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME

LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST

COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL

---

[23] We have previously stated that "[m]utuality of obligation requires that unless both parties to a contract are bound, neither is bound." Sala & Ruthe Realty, Inc. v. Campbell, 89 Nev. 483, 487, 515 P.2d 394, 396 (1973), Serpa v. Darling, 107 Nev. 299, 303, 810 P.2d 778 (1991). "It is well settled in Nevada that "every contract imposes upon the contracting parties the duty of good faith and fair dealing." However, a breach of this duty does not give rise to tort liability unless there is a special relationship between the tort-victim and the tortfeasor. Tort liability for breach of the implied covenant of good faith and fair dealing is appropriate where 'the party in the superior or entrusted position' has engaged in 'grievous and perfidious misconduct.' Furthermore, a successful plaintiff is entitled to compensation for all of the natural and probable consequences of the wrong including injury to the feelings from humiliation, indignity and disgrace to the person." University & Croy. Coll. Sys. v. Sutton, 120 Nev. 972, 989, 103 P.3d 8 (2004). "We note that JEM's **cause of action for breach of the implied covenant of good faith and fair dealing would not barred provided it was grounded in contract. An implied covenant of good faith and fair dealing exists in every Nevada contract and essentially forbids arbitrary, unfair acts by one party that disadvantage the other.** See Consolidated Generator v. Cummins Engine, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998); Overhead Door Co. v. Overhead Door Corp., 103 Nev. 126, 128, 734 P.2d 1233, 123(1987). Frantz v. Johnson, 116 Nev. 455, 465 n.4, 999 P.2d 351 (2000).

DEFAULT, and their brokers and agents, successors in interest, breached the implied duty by engaging, and continuing to engage, in predatory, unethical and unsound lending practices.  Defendants failed to disclose material facts, pursuant to NRS § 205.372, failed to properly qualify Plaintiff for the subject mortgage loan and failed to make proper disclosures regarding the subject mortgage loan.

Defendants, successor in interest, and other participants in MERS discovered a novel way to discriminate, e.g., instead of denying loans to members of statutorily protected classes of persons, loans were made to such persons – loans Defendants and other members of MERS knew would result in excessive profits.  So long as the real estate market remained inflated, pursuant to predatory, unethical and unsound lending practices, Defendants and other MERS members made profits – even pursuant to foreclosures.

112.    As a direct result of Defendants' contractual breach of the duty of good faith and fair dealing Plaintiff has been harmed as described herein.

<u>XIII.</u>

## <u>NINTH CAUSE OF ACTION</u>

### (Tortuous Breach of the Implied Duty of Good Faith and Fair Dealing)

113.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs and incorporates the same as though fully set forth herein.

114.    Defendants, SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT breached the implied duty of good faith and fair dealing attendant to the subject mortgage contract in a tortuous manner.  Defendants and successor in interest, by virtue of the trust reposed by Plaintiff, are liable in tort.

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599

115.    As a direct and proximate result Plaintiff has been harmed as described herein, but in excess of $10,000.00.

## XIV.

## TENTH CAUSE OF ACTION

### (Civil Conspiracy)

116.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs and incorporates the same as though fully set forth herein.

117.    Defendants, SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS and their brokers and agents, successor in interest, entered into a conspiracy. The acts and participation in the transaction at the commencement and in furtherance, knowing the transaction was based upon fraud and deceit. This conspiracy has been ratified, and participated in by Defendants.  Defendants and successor in interest continue to eject Nevadans from their home notwithstanding knowledge of their own illegal conduct and unclean hands, and without making legally required disclosures to those being evicted.

118.    As noted in the conduct alleged, Defendants SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT formed and operated a conspiracy and damage resulted to Plaintiff from Defendants' acts done in furtherance of the common design. Furthermore, each participant in such a wrongful action is responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

not he was a direct actor and regardless of the degree of his activity.

119.    As a direct and proximate result of the conspiracy Plaintiff was harmed as described herein, in excess of $10,000.00.

**XV.**

**ELEVENTH CAUSE OF ACTION**

**(Racketeering (NRS 207.470)**

120.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs and incorporates the same as though fully set forth herein.

121.    The mortgage which Defendant SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT;  BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS as servicer, and their brokers and agents, successor in interest, in concert with the other corporate Defendants executed with the Plaintiff was one of many executed in Northern Nevada in 2003 and thereafter. Defendants engaged in racketeering, as prohibited by Chapter 207 of the Nevada Revised Statutes via the predatory and abusive lending practices described herein, and the repeated failure to disclose such – both relative to Plaintiff and others.  The co-defendants acting in concern to violate NRS 205.372 and if the home is sold at a non-judicial sale, there would be a violation of NRS 645F.440 and 430 in that the sale involved fraud and deceit, and violation of NRS 205.372 committing mortgage fraud.

122    As a direct and proximate result of Defendants' racketeering, Plaintiff was harmed as alleged herein.   Plaintiff is entitled, pursuant to Chapter 207, to treble damages, attorneys' fees, to an Order Quieting Title, and to other related relief.

///

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

### XVI.

### TWELFTH CAUSE OF ACTION

### (Unjust Enrichment)

123.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs and incorporates the same as though fully set forth herein.

124.     Defendants, SIERRA PACIFIC MORTGAGE COMPANY INC; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS have received years of monthly payments under the terms of the Note and Deed of Trust executed by Plaintiff.

125.     Defendants induced Plaintiff into executing the mortgage loan documents by making misrepresentations regarding Plaintiff's ability to pay for the mortgage and the value of Plaintiff's residence.

126.     Defendant   SIERRA   PACIFIC   MORTGAGE   COMPANY   INC;   DOUG MOREAU;   GREENHEAD   INVESTMENTS;   MORTGAGE   ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT, have been unjustly enriched by receiving payments on the risky, volatile mortgage loan which was designed to reap inordinate profits for Defendants and to ultimately fail.

127.     As a direct and proximate result Plaintiff has been injured and damaged as described herein, in excess of $10,000.00.

///

///

///

///

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

49

<u>XVII</u>

### THIRTEENTH CLAIM FOR RELIEF

**(Fraud in the Inducement)**

128.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs and incorporates the same as though fully set forth herein.

129.   Defendants, SIERRA PACIFIC MORTGAGE COMPANY INC; DOUG MOREAU; GREENHEAD INVESTMENTS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. [MERS] a Delaware Corporation; RECONTRUST COMPANY; FIRST AMERICAN TITLE COMPANY; FIRST AMERICAN NATIONAL DEFAULT;  BAC HOME LOAN SERVICING LP fka COUNTRYWIDE HOME LOANS as servicer, in each of the separate transactions failed to disclose the material terms of the loans and incidental services to Plaintiff, and others similarly situated, by, inter alia, failing to explain the fact that Plaintiff and others similarly situated were not qualified to enter the loans on the terms stated and failed to advise the Plaintiff of the fact that Defendants had no lawful right to foreclose upon the homes of the Plaintiff.

130.   Defendants concealed the true terms of the loans, and the risks of the transactions, including, but not limited to, negative amortization, prepayment penalty provisions, the risk of default and the risk of foreclosure, from Plaintiff and failed to advise the Plaintiff that the Defendants, had no lawful right to foreclose upon his home.

131.   Defendants SIERRA PACIFIC MORTGAGE COMPANY INC severely misrepresented the ability of Plaintiff to qualify for the loans.

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

132     Defendants knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the loans.  Defendants induced Plaintiff to rely upon these representations and failures to disclose.

133.    But for the failure to disclose the true and material terms of the transactions that began the loans and the failure to disclose that the Defendants had no right to foreclose upon the home of the Plaintiff, that Plaintiff would lose his home, Plaintiff could have read the agreements and additional documents and would have been alerted to issues of concern.

134.    Defendants' misrepresentations caused the Plaintiff damages, pain and suffering, mental anguish and Plaintiff was required to retain Counsel to prosecute these claims.

WHEREFORE, Plaintiff requests the following relief:

A.      For a Permanent Restraining Order and/or a Preliminary Injunction enjoining Defendants from enforcing the mortgage contract and/or pursuing any sort of foreclosure; canceling the subject Promissory Note; and directing Defendants to provide Plaintiff with a clean and Quiet Title, and otherwise compelling Defendants to renounce any interest in the subject property

B.      For an award of compensatory damages, e.g., reimbursement for the interest payments which Plaintiff has made, and compensation for emotional damages; in excess of $10,000.00

C.      For awards of punitive damages in excess of $10,000.00

D.      For an award of treble damages pursuant to Nevada Revised Statute 207.470, e.g., and NRS 589D.100 et. seq. award of treble damages re: the amounts

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

the subject property has diminished and actual loss;

      E.     For reimbursement of costs;

      F.     For a reasonable attorneys' fees, including an award pursuant to Nevada Revised Statute 207.470; and NRS 589D.100, and

      G.     For an injunction directing Defendants to disclose to all mortgagors in Nevada complete and specific details regarding their predatory, unethical and unsound lending, foreclosure and racketeering practices, and to advise Nevada mortgagors of their right to equitable relief, such as reformation, rescission, rights pursuant to Nevada's anti-racketeering statutes, and the right to seek damages from Defendants, their executives and employees.

      H.     For any Further Relief as the Court deems proper.

**AFFIRMATION: Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED this _57_ day of April, 2010.

RICK LAWTON, ESQUIRE
Attorney for Plaintiff
State Bar # 00694

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559

1

2

## V E R I F I C A T I O N [24]

3

4            Under penalties of perjury, the undersigned declares that he represents the

Plaintiff named in the foregoing Complaint and knows the contents thereof; that the

5       pleading is true as of their own knowledge, except as to those matters therein

6       stated on information and belief, and as to such matters as he believes to be true.

7                                                            RICK LAWTON

8

9       STATE OF NEVADA              )
                                     : ss.
10      COUNTY OF CHURCHILL )

11           On this 17th day of April, 2010 personally appeared before me, a Notary

12      Public in and for the County and State aforesaid, RICK LAWTON, known to me to

13      be the person described herein and who executed the foregoing instrument; who

14      was administered an oath and who swore or affirmed that the allegations contained

15      in the foregoing are true and that they executed the same freely and voluntarily and

16      for the uses and purposes therein mentioned.

17           IN WITNESS WHEREOF, I have hereunto set my hand and affixed my

18      official seal the day and year first above-written.

19

20                                                      NOTARY PUBLIC

21      ─────────────────────────────
        [24] 15.010. Verification of pleadings

22      1. In all cases of the verification of a pleading, the affidavit of the party shall state that the same is true of his
        own knowledge, except as to the matters which are therein stated on his information and belief, and as to those
        matters that he believes it to be true. And where a pleading is verified, it shall be by the affidavit of the party,

23      unless he be absent from the county where the attorneys reside, or from some cause unable to verify it, or the
        facts are within the knowledge of his attorney or other person verifying the same.
        2. When the pleading is verified by the attorney, or any other person except the party, he shall set forth in the

24      affidavit the reasons why it is not made by the party.
        3. When a corporation is a party, the verification may be made by any officer thereof; or when the state, or any

25      officer thereof in its behalf, is a party, the verification may be made by any person acquainted with the facts;
        except that in actions prosecuted by the Attorney General, in behalf of the state, the pleadings need not, in any
        case, be verified.

26      4. In all cases where, by the foregoing provisions, the verification may be made by the attorney, such verification
        may be by him made on information and belief if the facts are not within his knowledge.

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559